IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT FORDHAM, | § | |
| BOP #50882-179, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-2666 |
| | § | |
| FEDERAL BUREAU OF | § | |
| PRISONS, *et al*., | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

The plaintiff, Robert Fordham (BOP #50882-179), has filed suit under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violations of his civil rights by officials at the Federal Detention Center in Houston, Texas. Fordham proceeds *pro se* and he has been granted leave to proceed *in forma pauperis*. At the Court's request, Fordham has provided a more definite statement of his claims. (Doc. # 8). The defendants have filed a motion to dismiss, arguing that Fordham failed to exhaust available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and that his complaint fails to state a valid claim as a matter of law. (Doc. #19). Fordham has filed a response and he also requests a continuance so that he can retain counsel. (Docs. # 23, # 25). After reviewing all of the pleadings and the applicable law, the Court grants the defendants' motion and dismisses this case for reasons set forth below.

## I.     BACKGROUND

Court records reflect that a federal grand jury returned an indictment against Fordham, charging him with unlawful possession with intent to distribute less than fifty kilograms of marijuana. *See United States v. Fordham*, Criminal No. 5:05-1416-01 (S.D. Tex.). Fordham entered a guilty plea to those charges on August 10, 2005. *See id.* (Doc. # 12). According to a judgment entered on January 6, 2006, the district court sentenced Fordham to serve 38 months in federal prison. *See id.* (Doc. # 20).

Fordham filed this civil rights lawsuit in August of 2007, while he was serving his sentence in the Bureau of Prisons, at the Federal Correctional Institution ("FCI") in Oakdale, Louisiana. Fordham sues the Federal Bureau of Prisons and two individuals, Warden Al Haynes and Officer Fairly, who are employed by the Bureau of Prisons at the Federal Detention Center ("FDC") in Houston, Texas, where Fordham was initially assigned on January 27, 2006.[1] The incident that forms the basis for his complaint allegedly occurred at the FDC on February 2, 2006.[2]

Fordham complains that, after his arrival at the FDC, he was improperly assigned to a top bunk on January 31, 2006, with deliberate indifference to a serious medical condition. Fordham explains that, in the past, he has been prescribed Elavil and Seroquil to treat

---

[1]    The complaint lists the Federal Bureau of Prisons as the primary defendant. (Doc. # 1, at 1). The complaint lists Warden Al Haynes and Correctional Officer Fairly as the only two individual parties to the lawsuit. (Doc. # 1, at 2).

[2]    Fordham reports that he was transferred from the FDC in Houston, Texas, to the FCI in Oakdale, Louisiana, on April 21, 2006. In February of 2008, Fordham was released from prison.

migraines. Because of this condition, Fordham states that he was assigned a bottom bunk previously when he was incarcerated in the Georgia Department of Corrections in the 1990s.

On February 2, 2006, Fordham fell from the top bunk and struck his head, causing a severe laceration to his scalp. Fordham alleges that, after he fell from the top bunk, it took ten to twenty minutes for FDC medical staff to arrive. Fordham was then taken to a local hospital for treatment. Fordham blames Officer Fairly for the delay and complains that he was denied timely medical treatment for his head injury as a result.

Since falling from the top bunk at the FDC, Fordham contends that he suffers head aches, dizzy spells, slurred speech, and that his "equilibrium is not right." Fordham seeks $6,500,000.00 in compensatory damages from the defendants for the medical care that he will need in the future. The defendants have filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Alternatively, the defendants move to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6). The parties' contentions are discussed below under the applicable standard of review.

## II.   STANDARD OF REVIEW

Motions to dismiss for lack of subject matter jurisdiction are governed by Rule (12)(b)(1) of the Federal Rules of Civil Procedure. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted). When considering whether subject matter jurisdiction exists, the district court is

"free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Id.* As the party seeking federal court review, the plaintiff bears the burden of demonstrating that jurisdiction is proper. *See Lara v. Trominski*, 216 F.3d 487, 491 (5th Cir. 2000) (citing *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)).

The defendants' motion to dismiss for failure to state a claim is governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. Federal pleading rules require only "a short and plain statement of the claim" showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a). As the Supreme Court has emphasized, "heightened fact pleading of specifics" is not required to state a claim for purposes of surviving a motion to dismiss under Rule 12(b)(6). *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

When ruling on a motion to dismiss under Rule 12(b)(6), a reviewing court must accept as true all of the factual allegations contained in the complaint. *See Twombly*, 127 S. Ct. at 1965 (citing *Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 508, n. 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). A court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess, Inc*., 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)). To withstand

a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 127 S. Ct. at 1965. A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.   DISCUSSION

### A.   Failure to Exhaust Administrative Remedies

At the outset, the defendants argue that the complaint must be dismissed for lack of subject matter jurisdiction because Fordham failed to exhaust available administrative remedies before filing suit. Because Fordham filed this suit while in custody, his complaint is governed by the Prison Litigation Reform Act (the "PLRA"). Under the PLRA, codified as amended at 42 U.S.C. § 1997e(a), an inmate is required to exhaust administrative remedies for all "action[s] . . . brought with respect to prison conditions" before filing a civil rights suit in federal court under 42 U.S.C. § 1983 or "any other Federal law." The Supreme Court has held repeatedly that § 1997e(a) requires exhaustion of *all* administrative procedures before an inmate can sue in federal court. *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding that the PLRA requires exhaustion of

all claims concerning prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong).

It is established that federal prisoners suing under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) must first exhaust administrative procedures prior to filing suit just as state inmates who sue under 42 U.S.C. § 1983. *See Nussle*, 534 U.S. at 524. Accordingly, Fordham was required to exhaust all available administrative remedies before filing suit in federal court.

The defendants have provided an affidavit from Bureau of Prisons employee Jennifer Hansen, who explains the administrative remedy process available to Fordham. *See* Declaration of Jennifer Hansen ["Hansen Declaration"], Doc. #21, Exhibit B, at ¶¶ 3-4. According to Hansen, the Bureau of Prisons has established a three-tiered administrative remedy program whereby an inmate may progressively redress grievances at the institutional, regional, and central or national levels. *See id.* (citing 28 C.F.R. §§ 542.10-19). If informal resolution is unsuccessful, an inmate must file a formal Request for Administrative Remedy form (a "Form BP-9") at the institution where he is incarcerated. *See id.* (citing §§ 542.13-14). If the inmate's request is denied at the institutional level, he must file a Regional Administrative Remedy Appeal (a "Form B-10") with the Regional Office for the geographic location of the inmate's current institution of confinement. *See id.* (citing § 542.15). For inmates assigned to the FDC in Houston, the appeal would be filed with the BOP's South Central Regional Office in Dallas, Texas. *See id*. If his regional appeal is denied and the inmate remains dissatisfied, he must appeal to the BOP's Office of General Counsel by filing

a Central Office Administrative Remedy Appeal (a "Form BP-11"). *See id.* Hansen maintains that, to properly exhaust all administrative remedies, an inmate must timely and properly present a claim to each level, he must have his remedy request or appeal accepted at each level, and he must receive an actual response to his submission at each level. *See id.* at ¶ 5.

This administrative regime applies to all inmates in institutions operated by the Bureau of Prisons, to inmates designated to contract Community Corrections Centers (CCCs) under Bureau of Prisons responsibility, and to former inmates for issues that arose during their confinement. 28 C.F.R. § 542.10(b). Hansen reports that all inmates at the FDC have access to the administrative remedy forms that are required to exhaust the above-referenced process. *See* Hansen Declaration, at ¶ 6. In compliance with federal regulations, Hansen explains that these forms are readily available from the inmates' assigned correctional counselors. *See id.* (citing 28 C.F.R. § 542.14(c)). She notes further that inmates are allowed to obtain assistance from other inmates or from institution staff in preparing their administrative remedy forms. *See id.* (citing 28 C.F.R. § 542.16).

According to Hansen, Fordham did not file any grievance concerning the allegations presented in the pending complaint. *See id.* at ¶ 8. In fact, records at the Bureau of Prisons show that Fordham never filed an administrative grievance while he was in federal custody. *See id.*

Fordham concedes that he did not file a BP-9 while in custody and that he has not otherwise attempted to complete the three-tiered process available for federal prisoners.

(Doc. # 23). The Supreme Court has emphasized that the exhaustion requirement found in the PLRA, 42 U.S.C. § 1997e(a), mandates "proper exhaustion," *Woodford v. Ngo*, — U.S. —, 126 S. Ct. 2378, 2387 (2006), which demands compliance with prison procedural rules. Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *See id.*, 126 S. Ct. at 2389-90. By failing to complete all three steps of the administrative remedy program, Fordham failed to exhaust his remedies. *See Carbe v. Lappin*, 492 F.3d 325, 238 (5th Cir. 2007). This violates the PLRA's exhaustion requirement found in § 1997e(a), which mandates exhaustion *before* filing suit. *See Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998) (affirming the dismissal even under circumstances that would seem "inefficient"), *cert. denied*, 526 U.S. 1133 (1999).

Fordham's failure to exhaust administrative remedies affects all of his claims, meaning that his complaint is subject to dismissal for lack of compliance with § 1997e(a). Therefore, the defendants' motion to dismiss on this issue is granted. Alternatively, the Court concludes that Fordham's complaint fails to state a claim and must be dismissed for other reasons discussed briefly below.

### B.     Fordham Fails to State a Valid Claim

As set forth above, Fordham complains that his civil rights were violated during his confinement at the FDC in Houston. Because Fordham was in federal custody when the alleged violations occurred, his claims are actionable, if at all, under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the

Supreme Court recognized an implied private cause of action for damages against federal officers alleged to have violated a citizen's constitutional rights. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (discussing *Bivens*). A *Bivens* action requires that the defendant be a federal officer acting under color of federal law. *See Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980), *cert. denied*, 450 U.S. 983 (1981). To establish a *Bivens* claim, a prisoner must articulate facts showing that a constitutional violation has occurred. 403 U.S. at 395-97; *see also Izen v. Catalina*, 382 F.3d 566, 570 n.3 (5th Cir. 2004) (noting that a *Bivens* action is analogous to a civil rights action under 42 U.S.C. § 1983, with the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials) (citation omitted), *cert. denied*, 547 U.S. 1111 (2006).

The defendants argue that Fordham has failed to state a valid claim upon which relief can be granted against the defendants identified in his complaint, namely, the Federal Bureau of Prisons, Warden Al Haynes, and Correctional Officer Fairly. The defendants' arguments are addressed below, beginning with the issue of immunity from claims against federal agencies and employees acting in their official capacity.

### 1. The Federal Bureau of Prisons and its Employees Acting in Their Official Capacity

The defendants correctly note that the primary defendant, the Federal Bureau of Prisons, is an agency and not an individual officer of the sort amenable to suit under *Bivens*. *See Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 486 (1984) (noting that *Bivens* applies to individual agents, not agencies). A plaintiff may not bring suit for damages against

a federal agency under *Bivens*. *See id.* Because the Bureau of Prisons is an agency, Fordham's *Bivens* claim against this defendant fails as a matter of law.

Likewise, to the extent that Fordham sues the Federal Bureau of Prisons and any of its employees, sovereign immunity shields the federal government, its agencies, and its employees from suit for actions taken in their official capacity absent an express waiver. *See Meyer*, 510 U.S. at 475 (citations omitted). Under the Federal Tort Claims Act, which contains a limited waiver of immunity, the United States and its agencies retain sovereign immunity from actions brought against it for violations of a constitutional right. 28 U.S.C. §§ 2671-2680; *Meyer*, 510 U.S. at 477-78. Fordham does not allege facts showing that he fits within a recognized waiver of the sovereign immunity that shields the defendants from his claims against them in their official capacity. Accordingly, Fordham's claims against the Federal Bureau of Prisons as an agency and his claims against its employees acting in their official capacity fail as a matter of law. *See Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) (observing that *Bivens* "provides a cause of action only against government officers in their individual capacities"). Likewise, for reasons outlined briefly below, Fordham does not allege facts showing that Warden Haynes and Officer Fairly are liable in their individual capacities.

### 2. Warden Haynes

The defendants note that Warden Al Haynes was not employed at the FDC when the incident that forms the basis of the complaint reportedly occurred on February 2, 2006. According to the defendants, Warden Haynes was assigned to the United States Penitentiary

in Hazelton, West Virginia, from May 16, 2004, through October 14, 2006. *See* Declaration of Al Haynes, Doc. # 21, Exhibit A. Haynes did not become Warden at the FDC Houston until October 15, 2006, which is well after Fordham allegedly fell from his bunk on February 2, 2006. *See id.* Because Warden Haynes was not in Houston when Fordham was in custody at the FDC, the defendants assert that he had no personal involvement in the incident.

A supervisor may not be held liable for a civil rights violation under a theory of *respondeat superior* or vicarious liability. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003); *see Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998) (there is no doctrine of respondeat superior in a *Bivens* action). Supervisory officials can be held liable only if the plaintiff demonstrates either one of the following: (1) the supervisor's personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the deprivation. *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987); *see also Southard v. Texas Bd. of Criminal Justice*, 114 F.3d 539, 550 (5th Cir. 1997) ("[T]he misconduct of the subordinate must be affirmatively linked to the action or inaction of the supervisor."). Supervisory liability exists without overt personal participation in an offensive act only if the supervisory official implements a policy "so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Thompkins*, 828 F.2d at 304 (quotations omitted).

Fordham does not allege facts showing that Warden Haynes or his predecessor had any personal involvement with the events outlined in the complaint. Likewise, Fordham fails

to show that Warden Haynes or his predecessor was responsible for implementing a policy that operated as the moving force behind an alleged constitutional violation in this case. Accordingly, Fordham fails to state a claim upon which relief can be granted against Warden Haynes.

### 3. Officer Fairly

Fordham alleges that Officer Fairly denied him timely medical care because he had to wait more than ten to twenty minutes for medical staff to arrive and treat his head injury. To state a claim in this instance, Fordham must show that Officer Fairly acted with deliberate indifference to a serious medical condition in violation of the Eighth Amendment. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

The Eighth Amendment deliberate-indifference standard has both an objective and subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To establish deliberate indifference under this standard, the prisoner must show that the defendants were both (1) aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn, and (2) that they actually drew an inference that such potential for harm existed. *See id.* at 837; *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). The Fifth Circuit has stated that the deliberate-indifference standard is an "extremely high" one to meet. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "A prison official acts with deliberate indifference 'only if [(A)] he knows that inmates face a substantial risk of serious bodily harm and [(B)] he disregards that risk by failing to take reasonable measures to abate it.'" *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)

(quoting *Farmer*, 511 U.S. at 847). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Id*. (citations omitted). A showing of deliberate indifference requires the prisoner to demonstrate that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Id.* (citations omitted).

Fordham concedes that FDC medical staff arrived to treat him within ten to twenty minutes from the time that he fell from the top bunk and pressed the call button in his cell. Thus, Fordham does not allege that he was denied care. To the extent that Fordham disagrees with the level of care that he received, the Fifth Circuit has held repeatedly that mere disagreement with medical treatment does not state a claim for deliberate indifference to serious medical needs and does not present a constitutional violation. *See Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985); *Young v. Gray*, 560 F.2d 201, 201 (5th Cir. 1977); *see also Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) ("Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances."). Even if a lapse in professional judgment occurred, any such failure amounts to mere negligence or malpractice, and not a constitutional violation. *See Harris v. Hegman*, 198 F.3d 153, 159 (5th Cir. 1999) (citing

13

*Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)). Moreover, while Fordham claims that medical care was delayed after his fall from the top bunk, he does not state that he suffered substantial harm as a result of the alleged delay. *See Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) ("[I]n order to maintain a viable claim for delayed medical treatment there must have been deliberate indifference, which results in . . . substantial harm.") (internal citations omitted). Accordingly, under the circumstances, Fordham's complaint fails to state a claim for which relief can be granted under *Bivens*.[3]

## IV. CONCLUSION AND ORDER

In summary, Fordham's complaint must be dismissed because he failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a) before filing suit in federal court. Alternatively, Fordham fails to allege facts showing that he is entitled to relief against the Federal Bureau of Prisons or any of its employees acting in their official capacity. Moreover, Fordham fails to allege facts showing that the individual defendants named in the complaint (Warden Al Haynes and Officer Fairly) are liable in their individual capacities or

---

[3] Fordham does not identify any particular individual at the FDC with responsibility for his bunk bed assignment; nor does he allege facts showing that FDC officials were deliberately indifferent to his need for a bottom bunk. Fordham alleges that, on January 31, 2006, he complained about his top bunk assignment to an unidentified "G.I." or gang investigator. According to Fordham's more definite statement, the gang investigator advised Fordham to address his complaint to the medical department and to his "dorm officer." (Doc. # 10, at ¶ 11(d)). Fordham, who did not file a grievance about this issue, does not state whether he ever complained about his top bunk assignment to the medical department or his dorm officer as instructed. Under these circumstances, the complaint is insufficient to show that FDC officials acted with deliberate indifference concerning Fordham's bunk bed assignment.

that Fordham's constitutional rights were violated while he was in custody at the FDC in Houston on February 2, 2006.

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1. The defendants' motion to dismiss (Doc. # 19) is **GRANTED**.

2. The complaint is **DISMISSED** for lack of subject matter jurisdiction because the plaintiff failed to exhaust available administrative remedies before filing suit in federal court. Alternatively, the complaint is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

3. The plaintiff's motion for a continuance (Doc. # 25) is **DENIED** as moot.

The Clerk is directed to provide copies of this order to the parties.

SIGNED at Houston, Texas, on  April 3rd , 2008.

_____
Nancy F. Atlas
United States District Judge